# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>vs.<br><br>MIGUEL ANGEL SANCHEZ-CARMONA<br><br>    Defendant. | 2:09-cr-00516-PMP-RJJ<br><br>**REPORT & RECOMMENDATION<br>OF UNITED STATES<br>MAGISTRATE JUDGE**<br><br>(Defendant's Motion to Dismiss #30) |

This matter is before the undersigned Magistrate Judge on Defendant's Motion to Dismiss Indictment (#30). The Court has considered Defendant's Motion to Dismiss (#30), the Government's Response (#34), and Defendant's Reply (#35).

## BACKGROUND

Defendant, Miguel Angel Sanchez-Carmona, was indicted on December 16, 2009. The indictment charges Sanchez-Carmona, an alien, who had been deported and removed from the United States on or about August 1, 2001, with violating 8 U.S.C. § 1326 by reentering and remaining in the United States without the express consent of the Secretary of Homeland Security.

Sanchez-Carmona is a native and citizen of Mexico who first entered the United States in July 1985 as a seasonal agricultural worker. He has never attained legal status in the United States. On or about March 5, 1999, a felony complaint was filed against Sanchez-Carmona in Ramsey County, Minnesota, charging him with Sale of Cocaine in violation of Minnesota state law. He pled guilty to Attempted Sale of Drugs on May 17, 1999. Paragraph 27 of Defendant's signed plea agreements states "My attorney has told me and I understand that if I am not a citizen

of the United States, conviction of a crime may result in deportation." Petition to Enter Plea, attached as Exhibit 4 to the Motion (#30), at pg. 30 ¶ 27. Defendant was sentenced to 43 months incarceration on June 15, 1999.  A Final Administrative Removal Order was signed and served on Sanchez-Carmona on July 30, 2001, based on his conviction.  He was removed from the United States on August 1, 2001.

Sanchez-Carmona unlawfully reentered the United States in October 2001 and was later apprehended December 2, 2009, during a vehicle stop at Lake Mead National Recreation Area.

Sanchez-Carmona submitted a Motion to Dismiss the indictment (#30) July 20, 2010. The motion was not timely filed. However, in the interest of justice, the court will overlook defense counsel's dilatory performance and rule on the merits of the motion.

Defendant argues that he should be allowed to collaterally attack the July 2001 removal order pursuant to 18 U.S.C. § 1326(d) because he was not advised by defending counsel of the effect his guilty plea would have on his immigration status.   Sanchez-Carmona also argues that *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), requires that non-citizen criminal defendants be advised by counsel of the specific immigration consequences of pleading guilty.  Defendant asserts that his Sixth Amendment right to assistance of counsel was violated  because he was told only that removal was a possibility, and not that it was mandatory for the crime to which he pled guilty. Therefore, he contends that the indictment at issue should be dismissed because Sanchez-Carmona's previous conviction was unconstitutional.

In opposition, the Government asserts that because Sanchez-Carmona was convicted of a felony drug trafficking offense, he is ineligible for any relief from removal and cannot collaterally attack the removal.  Further, the Government asserts that Sanchez-Carmona's collateral attack is impermissible because it targets his Minnesota conviction and not the instant indictment, or the July 2001, removal order.  The Government also argues that *Padilla v. Kentucky* does not apply to this case.

**DISCUSSION**

8 U.S.C. § 1326(d) reads:

In a criminal proceeding under this section, an alien may not challenge the

validity of the deportation order described in subsection (a)(1) of this section or subsection (b) of this section unless the alien demonstrates that--

**(1)** the alien exhausted any administrative remedies that may have been available to seek relief against the order;

**(2)** the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and

**(3)** the entry of the order was fundamentally unfair.

## I. Exhaustion

To prevail in a collateral attack on the underlying removal order in a motion to dismiss, Sanchez-Carmona must, as a threshold matter, show that he exhausted his administrative remedies. 8 U.S.C. § 1326(d)(1); *United States v. Villavicencio-Burruel*, 608 F.3d 556, 559 (9th Cir. 2010). An alien is barred under 8 U.S.C. § 1326(d) from collaterally attacking his underlying removal order as a defense to § 1326 charges "if he validly waived the right to appeal that order during the deportation proceedings." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004) (*citing United States v. Muro-Inclan*, 249 F.3d 1180, 1182 (9th Cir. 2001), *cert denied*, 534 U.S. 879 (2001)).

However, the exhaustion requirement cannot bar review when the waiver of the right to an administrative appeal did not comport with due process. *Id*. A waiver of the right to appeal a removal order does not comport with due process when it is not "considered and intelligent." *Id.* A waiver of the right to appeal is not "considered and intelligent" when an alien is eligible for relief from removal but is not informed or advised of his eligibility for relief. *Id* at 1049-50.

Paragraph 27 of Defendant's signed plea agreements states "My attorney has told me and I understand that if I am not a citizen of the United States, conviction of a crime may result in deportation." Petition to Enter Plea, attached as Exhibit 4 to the Motion (#30), at pg. 30 ¶ 27. The July 30, 2001, Notice of Intent to Issue a Final Administrative Removal Order contained a section with the heading "Your Rights and Responsibilities." Notice, attached as Exhibit 5 to the Motion (#30). The last paragraph reads: "You may seek judicial review of any final administrative order by filing a petition for review within 14 calendar days after the date such final administrative order is issued, or you may waive such appeal by stating, in writing, your

1  desire not to appeal." *Id*.

2        That same day, Sanchez-Carmona signed a Certificate of Service stating that he did not
3  wish to contest, or request withholding removal, thereby waiving his right to appeal. Sanchez-
4  Carmona did not exhaust the administrative remedies available to him, but rather, waived them
5  and acknowledged that "I am deportable and acknowledge that I am not eligible for any form of
6  relief from removal. I waive my right to rebut and contest the above charges and my right to file
7  a petition for review of the Final Removal Order." Certificate of Service, attached as Attachment
8  1 to the Government's Response(#34) at pg. 42. Though the document was written in English, it
9  was explained to him in Spanish. *Id*. Sanchez-Carmona does not satisfy the requirement of 8
10 U.S.C. § 1326(d)(1) because he validly waived the right to appeal the removal order. He was
11 advised of the possible immigration consequences of his plea by his attorney and by numerous
12 documents including the plea agreement and the Notice of Intent to Issue a Final Administrative
13 Order. Sanchez-Carmona fails to contend that his waiver was not considered and intelligent.[1]
14 *United States v. Ubaldo-Figueroa*, 364 F.3d at 1048.

15 **II. Deprivation of Judicial Review**

16       In a criminal prosecution under § 1326, the Due Process Clause of the Fifth Amendment
17 requires a meaningful opportunity for judicial review of the underlying deportation. *United*
18 *States v. Zarate-Martinez*, 133 F.3d 1194, 1197 (9th Cir. 1998) (quoting *United States v.*
19 *Mendoza-Lopez*, 481 U.S. 828, 839 (1987)). A deportee may waive his right to judicial review of
20 his deportation order as long as the waiver is considered and intelligent. *Id*. The government
21 bears the burden of proving the waiver. *Id*. If waiver is valid, the right to judicial review was not
22 denied. *United States v. Leon-Paz*, 340 F.3d 1003, 1005 (9th Cir. 2003).

23       Here, Sanchez-Carmona was advised of his right to judicial review of his deportation
24 order on numerous occasions. On each occasion, Sanchez-Carmona waived his right to review.
25 He was not asked to silently waive his right to review, *United States v. Lopez-Vasquez*, 1 F.3d

---

[1] Defendant does argue that there was ineffective assistance of counsel, which led to his guilty plea and subsequent removal. *See*, Section III.

1  751, 754 (9th Cir. 1993), nor was he asked in a group setting to raise his hand if he wanted to
2  appeal, *United States v. Zarate-Martinez*, 133 F.3d at 1198. He was advised of his right to
3  appeal, *United States v. Ubaldo-Figueroa*, 608 F.3d at 1048-49.

4  **III. Fairness**

5      A removal order satisfies the condition of being fundamentally unfair for purposes of
6  § 1326(d)(3) when the deportation proceeding violated the alien's due process rights and the
7  alien suffered prejudice as a result. *United States v. Arias-Ordonez*, 597 F.3d 972, 976
8  (9th Cir. 2010). To demonstrate prejudice, Sanchez-Carmona need only show that he had
9  plausible grounds for relief. *United States v. Lopez-Velasquez*, 568 F.3d 1139, 1145
10 (9th Cir. 2009).

11     Because Sanchez-Carmona was convicted of an aggravated felony, he has no plausible
12 grounds for relief. His conviction is a per se bar to cancellation of deportation. *United States v.*
13 *Zacate-Martinez*, 133 F.3d at 1199. Therefore even if there was a due process violation in the
14 deportation proceedings, Sanchez-Carmona may not use that violation to attack his conviction
15 under § 1326. 8 U.S.C. § 1228(b)(4); *United States v. Zacate-Martinez* 133 F.3d at 1199.
16 Because Sanchez-Carmona had no plausible grounds for relief, there was no prejudice.
17 Defendant concedes this fact. Motion to Dismiss Indictment (#30) at 7 ("he is removable and
18 ineligible for every form of relief").

19     Sanchez-Carmona argues, not that the deportation proceeding was unfair, but that his
20 May 1999 conviction was unfair. Defendant argues that he received ineffective assistance of
21 counsel when entering his May 1999 guilty plea because he was told only of the possibility of
22 removal and not its certainty. Further, Defendant argues that the certainty of removal in his case
23 was clear, and when the deportation consequences of a guilty plea are clear, the duty to give
24 correct advice is equally clear. *Padilla v. Kentucky*, 130 S.Ct. 1473, 1483 (2010). 559 U.S. __,
25 130 S.Ct. 1473, 176 L.Ed. 2d 284 (2010).

26     Because the instant case lies in a completely different procedural posture, *Padilla* does
27 not apply. *Padilla* was a post-conviction proceeding challenging the validity of a guilty plea
28 where the defendant-alien was given incorrect advice regarding the impact that his guilty plea

would have on his immigration status. *Padilla*, 130 S.Ct. at 1478. In fact, Padilla was told by his attorney that "he did not have to worry about immigration status since he had been in the country so long." *Id*.

Here, Sanchez-Carmona is challenging the August 2001 removal proceeding pursuant to § 1326(d). The time for challenging the May 1999 conviction has passed. Minn. R. Crim. Proc., 28.02 Subd. 4(3). Defendant is allowed to challenge the underlying August 2001, removal order pursuant to § 1326, but is not allowed to challenge the eleven-year-old conviction. Even if *Padilla* did apply here, the advice given by counsel to Sanchez-Carmona meets the standard elucidated therein.

There is a presumption that counsel satisfied the obligation to provide advice on the deportation consequences of a client's plea. *Padilla*, 130 S.Ct. at 1485. To satisfy this obligation, "counsel must inform her client whether his plea carries a risk if deportation." 130 S.Ct. at 1486. Unlike *Padilla* where defendant was told "not to worry about" immigration status, Sanchez-Carmona signed a plea that stated "My attorney has told me and I understand that if I am not a citizen of the United States, conviction of a crime may result in deportation." Attachment 1, attached to the Government's Response (#34) at pg. 34 ¶27. Sanchez-Carmona was fully informed of the possible immigration effects of his plea.

## **RECOMMENDATION**

Based on the foregoing and good cause appearing therefore,

IT IS THE RECOMMENDATION of the undersigned Magistrate Judge that the Defendant's Motion To Dismiss Indictment (#30) be **DENIED**.

## **NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the

1  right to appeal the District Court's order and/or appeal factual issues from the order of the
2  District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United*
3  *Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).
4      DATED this   2d   day of September, 2010.

                                            ROBERT J. JOHNSTON
                                            United States Magistrate Judge